DOMINICK BROWN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: COMPLAINT BEFORE MAGISTRATE. Where a criminal complaint charges the accused in positive terms with the commission of a crime, the addition of the words that, " the affiant verily believes the defendant is guilty of the facts charged" will not render the complaint invalid as not being sworn to positively.

2. ———: LIQUOR SELLING: STATING TIME OF COMMISSION OF OFFENSE. The complaint charged that, " on or about the 17th day of February, 1884, that being the first day of the week, commonly called Sunday, the defendant did sell intoxicating liquors," etc., in violation of the law. *Held*, That the time of the commission of the offense was sufficiently stated, the date of the transaction under section fourteen of the liquor law not being a material ingredient of the offense.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*D. G. Courtnay* and *J. E. Philpot,* for plaintiff in error.

*Isaac Powers, Jr., Attorney General (A. C. Ricketts* with him), for the State.

REESE, J.

This cause originated in the county court of Lancaster county, where a complaint was filed charging plaintiff in error with selling intoxicating liquors on the first day of the week, commonly called Sunday. The complaint charged, "that on or about the 17th day of February, 1884, at the county of Lancaster, and state of Nebraska, that being the first day of the week, commonly called Sunday," the defendant "then and there did wickedly, willfully, and unlawfully sell," to the parties named in the complaint "beer and whisky, the same being malt and spirituous liquors."

The defendant filed a motion to quash the complaint, assigning two reasons or grounds for the motion: First. That the complaint was not sworn to positively; and Second. That the time of the committing of the offense was not sufficiently stated. This motion was overruled by the county judge, and on a trial the defendant was convicted. He then took the case to the district court on error, where the decision of the county judge was affirmed, and he brings the case to this court on error for review.

The record shows that in the concluding part of the complaint the following language occurs: "And this deponent says he verily believes" the defendant to be guilty of the facts charged. Upon this, it is claimed that the complaint is not sworn to in the positive form, and is therefore insufficient. This objection might have force were it not for the fact that in the charging part of the complaint it is positively stated that at the time and place alleged, the defendant "then and there did," etc., sell the liquors named in the complaint. The objectionable language was simply redundant matter, which could in no way affect the body of the complaint or work any prejudice to the plaintiff in error.

The next point urged by the plaintiff in error is, we

think, equally untenable. It is to be observed that the charge made by the complaint is for selling the liquors " on the first day of the week commonly called Sunday," which is prohibited by section fourteen of the liquor law of the state. The essential ingredient as to time is, that the act charged as constituting the crime was committed on the particular day named in the statute, to-wit, "the first day of the week commonly called Sunday." This charge is fully set out in the complaint. While it is indefinitely alleged to be " on or about " the date named, yet it is definitely charged to have been on the particular day designated by the statute. This was equivalent to charging the act to have been committed " on the first day of the week commonly called Sunday, and which was on or about the 17th day of February, 1884." The substantial allegation of date was necessary for the purpose of showing that the prosecution was not barred by the statute of limitations, but for no other purpose. The particular date on which the Sunday occurred was wholly immaterial, except for the purpose named. The object and purpose of the provision of the section under which the complaint was drawn, was to prevent the sale of liquors on the day known as " Sunday." The sale is alleged to have been on that day and within the time in which the prosecution could be maintained. This is sufficient. *Frazier v. The State,* 5 Mo., 536. *Megowan v. Commonwealth,* 2 Metc., Ky., 3. Wharton's Criminal Pleading and Practice, § 121. *Commonwealth v. Harrison,* 11 Gray, 308. *People v. Ball,* 42 Barb., 324.

A different view seems to have been taken by the supreme court of Indiana in *State v. Land,* 42 Ind., 311, and *Effinger v. State,* 47 Ind., 235. But the rule there stated does not seem to have been adopted by the other states which have passed upon the question, nor could it be in this state under section 412 of the criminal code, which provides that indictments shall not be deemed invalid for

" stating time imperfectly," nor for " omitting to state the time at which the offense was committed in any case where time is not the essence of the offense." The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.