**UNITED STATES of America,**
**Appellant,**

v.

**Dale Paul GLUP, Appellee.**

**Crim. No. 72–1777.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1973.

Decided Aug. 13, 1973.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellant.

William M. Lamson, Jr., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and TALBOT SMITH.*

TALBOT SMITH, Senior District Judge.

The case before us challenges the sufficiency of count one of the indictment. Such count alleges "that from on or about November 30, 1969 to on or about June 8, 1970, in the District of Nebraska, Dale Paul Glup willfully and knowingly engaged in the business of dealing in firearms in interstate commerce at 5608 Weir Street, Omaha, Nebraska, without having been licensed to do so under the provisions of Chapter 44, Title 18, United States Code.

"In violation of section 922(a)(1) and 924(a), Title 18, United States Code." [1]

The objection made is that the indictment "is vague and indefinite and fails to inform the accused of what acts he must defend against." Reliance is had principally upon United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1875), Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1886), and United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L. Ed. 516 (1888).

There was a time in the history of our law when the indictment was an instrument of such archaic and arcane verbosity that it served more to confuse than to enlighten. Thus an indictment for "Selling a Diseased Cow in the Public Market" required three printed pages of fine print.[2] Such exercises are now, happily, things of the past.[3] As we held in Taylor v. United States, 332 F.2d 918 (8th Cir. 1964):

"Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in part:

"The indictment or the information shall be a plain, concise and definite

---

* Hon. Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 18 U.S.C., § 922. Unlawful acts
(a) It shall be unlawful—
(1) for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport, or receive any firearm or ammunition in interstate or foreign commerce;
18 U.S.C. § 924. Penalties
(a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.
See, also, 18 U.S.C. §§ 921(a)(3) and (11) defining "firearm" and "dealer" respectively:
18 U.S.C. § 921. Definitions
(a) As used in this chapter—
(3) The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.
(11) The term "dealer" means (A) any person engaged in the business of selling firearms or ammunition at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. The term "licensed dealer" means any dealer who is licensed under the provisions of this chapter.

2. Joyce, Indictments (1908), pp. 834–837.

3. "The [Rules] were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity of procedure." United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953), reversing the dismissal of a perjury indictment for failure to state the name of the person administering the oath. See, also, Committee Notes on Rule 7(c), 8 Moore's Federal Practice § 7.01[2] :—"This rule introduces a simple form of indictment, illustrated by Forms 1 to 11 in the 'Appendix of Forms'."

written statement of the essential facts constituting the offense charged. \* \* \* It need not contain \* \* \* any other matter not necessary to such statement."

The Supreme Court in United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92, in construing Rule 7(c), stated:

"'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."'" [Quotation marks as appearing in original.]

An analysis of the indictment, *supra*, in the light of the applicable statutes, set forth hereinabove, makes clear that it contains the elements of the offense charged. Our conclusion, as we noted in United States v. Anderson, 447 F.2d 833 (8th Cir. 1971), is strengthened by the fact that the indictment substantially follows those found in the Appendix of Forms attached to the Federal Rules of Criminal Procedure.[4] It is true that the indictment before us is not replete with the details formerly thought necessary for a complete indictment.[5] Thus appellant points out that he is not informed by the indictment whether he is to be tried as a seller of "bombs or grenades; rockets or missiles," or is a "pawnbroker." Such arguments, if ac-

cepted, would have no end as we proceeded next to what kind of a bomb was meant, or what was the category of missile or rocket. This is not to say that such questions may not be material. But what we must distinguish, in the issue before us, are those matters constitutionally essential from those informative only.

Such discovery as is authorized by the Federal Rules of Criminal Procedure may be obtained by utilization, in part, of Rule 7(f), of a motion for a bill of particulars, its grant or denial remaining within the sound discretion of the trial court.

The dismissal of the indictment is reversed and the case remanded.

---

4. See United States v. Bagdasian, 291 F.2d 163 (4th Cir. 1961), cert. den. 368 U. S. 834, 82 S.Ct. 60, 7 L.Ed.2d 36 (1961); Martin v. United States, 285 F.2d 150 (10th Cir. 1960), cert. den. 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816 (1961); Cf. Form 5, Fed.R.Crim. Proc.App. of Forms, indicting John Doe, in that "On or about the ——— day of ———, 19—, in the ——— Dis-

trict of ———, [he] carried on the business of a distiller without having given bond as required by law."

5. "The specificity formerly held necessary to charge an offense is no longer required or sanctioned." Donnelly v. United States, 185 F.2d 559 (10th Cir. 1950), cert. den. 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1950).