STATE OF NEBRASKA, APPELLEE, v. MICHAEL E. SCOTT, APPELLANT.

293 N. W. 2d 114

Filed June 10, 1980. No. 43032.

Stephen K. Yungblut of Rosenberg & Yungblut, for appellant.

Paul L. Douglas, Attorney General, and Shanler D. Cronk, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

Defendant, Michael E. Scott, was convicted in the county court of York County of the offense of operating a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine, second offense, contrary to Neb. Rev. Stat. § 39-669.07 (Reissue 1978). He was sentenced to 60 days in the county jail, fined $300, and had his driver's license suspended for 1 year. Defendant appealed to the District Court, which affirmed the conviction and sentence.

On December 29, 1978, a patrolman in York, Nebraska, stopped a pickup truck driven by the defendant for traveling at 36 miles per hour in a 25-mile-per-hour speed zone. When the defendant got out of the pickup, he staggered slightly and had difficulty in getting out his billfold to present his operator's license. The officer detected an odor of alcohol and

administered a field sobriety test to the defendant. The defendant had some difficulty touching his finger to his nose and walking toe-to-heel, two portions of the test. In the officer's opinion, the defendant was intoxicated. The officer placed defendant under arrest and had him taken to the sheriff's office where the officer administered a breath test on a gas chromatograph "Intoximeter Mark IV."

The officer detailed the test procedures which he followed. The evidence established that the testing device was in proper working order at the time of the test and that the officer held a current permit from the Nebraska Department of Health to operate breath analysis devices. The evidence failed to establish that the test administered to the defendant was performed according to methods approved by the Nebraska Department of Health, as required by statute. The officer testified that the machine analyzed the defendant's breath and gave both a digital and graph paper reading of .226 alcohol content.

The defendant was convicted by the county court and sentenced to 60 days in the county jail, fined $300, and his operator's license revoked for a period of 1 year.

The defendant contends that the evidence of the test results in the operation of the gas chromatograph did not comply with statutory requirements. During oral argument, the defendant contended that the case is controlled by the very recent case of *State v. Gerber, ante* p. 75, 291 N.W.2d 403 (1980). That case held that, before the State may offer in evidence the results of a breath test for the purpose of establishing that a defendant was at a particular time operating a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his body fluid, the State must prove the following: (1) That the testing device or equipment was in proper working order at the time of conducting the test; (2) That the person giving and inter-

preting the test was properly qualified and held a valid permit issued by the Nebraska Department of Health at the time of conducting the test; (3) That the test was properly conducted in accordance with a method currently approved by the Nebraska Department of Health; and (4) That there was compliance with all statutory requirements.

In the case now before us, the evidence fails to establish that the test was properly conducted in accordance with a method currently approved by the Nebraska Department of Health. Consequently, *Gerber* is controlling.

The State contends that, even though the test results might be inadmissible, the testimony of the police officer as to the circumstances surrounding the arrest of the defendant was sufficient to support a conviction on a charge of driving while under the influence of alcohol. The State relies upon the case of *State v. Jablonski,* 199 Neb. 341, 258 N.W.2d 918 (1977), which held that even in the absence of any breathalyzer tests, other evidence was sufficient to sustain a conviction on a charge of being under the influence of alcoholic liquor.

The critical difference between *Jablonski* and the case now before us lies in the charges made. In *Jablonski,* the defendant was charged, in the language of the statute, with operating a motor vehicle while under the influence of alcoholic liquor, or drugs, or while he had ten-hundredths of one percent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine. In the present case, the complaint charged only that the defendant did "unlawfully drive or be in actual physical control of a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his blood, as shown by chemical analysis of his blood, breath or urine." Under the single charge made in the present case, the only critical issue was whether the defendant had the

charged amount of alcohol in his blood while operating his truck. The admissible evidence failed to establish that charge.

The testimony of the officer may have been sufficient evidence to convict the defendant on a charge of driving while under the influence of alcohol and it was clearly admissible under the charge made, but it failed to establish that the defendant had ten-hundredths of one percent or more by weight of alcohol in his blood.

This court has consistently held that an information must inform the accused with reasonable certainty of the charge against him so that he may prepare his defense and be enabled to plead the judgment as a bar to a later prosecution for the same offense. *May v. State,* 153 Neb. 369, 372, 44 N.W.2d 636, 638 (1950). As we said in that case:

> [The information] must state expressly and directly each fact that is an essential element of the crime intended to be charged so that the accused will not be required to go beyond the information to learn the nature of the charge against him or the issue he must meet, and it cannot be aided by intendment, by anything stated therein by way of mere recital, or by inference or implication.

Under the charge in the present case, in the absence of the test, there was no evidence that the defendant had ten-hundredths of one percent or more by weight of alcohol in his blood.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

KRIVOSHA, C. J., not participating.