STATE OF NEBRASKA, APPELLANT, V. JAMES R. WEHRLE,
APPELLEE.

395 N.W.2d 142

Filed October 24, 1986.    No. 86-043.

Vincent Valentino, York County Attorney, and Charles W.
Campbell, for appellant.

John R. Brogan of Brogan & McCluskey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Pursuant to Neb. Rev. Stat. §§ 29-2315.01 et seq. (Reissue
1985) (appeal by county attorney concerning court rulings or

decisions in criminal cases), the State of Nebraska, by the county attorney of York County, appeals the district court judgment sustaining James R. Wehrle's motion to quash, see, Neb. Rev. Stat. § 29-1808 (Reissue 1985) (motion to quash), and *State v. Parks*, 212 Neb. 635, 642, 324 N.W.2d 673, 678 (1982) ("any challenge to a complaint or information as to certainty, particularity, or redundancy may be made by a motion to quash"), and dismissing count I of a two-count information against Wehrle. Both counts charged Wehrle with violation of Neb. Rev. Stat. § 28-319(1) (Reissue 1985) of the Nebraska Criminal Code, which provides:

> Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception, (b) knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, or (c) the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree.

Count I of the information alleged that Wehrle

> on or after February 1, 1984 and on or before March 31, 1984, in the County of York and State of Nebraska, then and there being, did then and there subject another person, [victim's name], to sexual penetration, and he overcame the victim by force, threat of force, express or implied, coercion, or deception, or he knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his conduct, or he was nineteen years of age or older and the victim was less than sixteen years of age.

Count II alleged that "on or about the 11th day of September, 1985," Wehrle violated § 28-319(1), and recited the victim's name and the statutory language identical to that found in count I of the information.

In his "Motion to Quash," Wehrle alleged: "That Count 1 of the Information lacks certainty and particularity in that it does not specify the date when the offense charged is alleged to have occurred. Count 1 alleges only that said alleged offense occurred on or after February 1, 1984, and before March 31,

1984." The district court sustained Wehrle's motion to quash.

The issue in this appeal concerns sufficiency of the information charging Wehrle, that is, the absence of a specific date or definite time when the crime is alleged to have occurred. Resolution of these issues necessarily raises aspects of the constitutional guarantees of due process and protection against double jeopardy pertaining to an information on which an accused is prosecuted. See, Neb. Const. art. I, §§ 3, 11, and 12; U.S. Const. amend. V and amend. XIV, § 1.

Regarding constitutional considerations of due process and the prohibition against double jeopardy, the function of an indictment, information, or complaint is twofold. With reasonable certainty, an indictment, information, or complaint must inform an accused concerning the crime charged so that the accused may prepare a defense to the prosecution and, if convicted, be able to plead the judgment of conviction on such charge as a bar to a later prosecution for the same offense. See *State v. Adams*, 181 Neb. 75, 147 N.W.2d 144 (1966). See, also, *State v. Last*, 212 Neb. 596, 324 N.W.2d 402 (1982).

For a sufficient information, there is no constitutional requirement "that detailed particulars of the crime must be stated in the information or indictment in the meticulous manner prescribed by the common law." *Cowan v. State*, 140 Neb. 837, 839, 2 N.W.2d 111, 113 (1942). See, also, *State v. Last, supra*.

> There was a time in the history of our law when the indictment was an instrument of such archaic and arcane verbosity that it served more to confuse than to enlighten. Thus an indictment for "Selling a Diseased Cow in the Public Market" required three printed pages of fine print. Such exercises are now, happily, things of the past.

*United States v. Glup*, 482 F.2d 1288, 1289 (8th Cir. 1973). See, also, *Myers v. United States*, 15 F.2d 977, 981 (8th Cir. 1926) (" 'it is not necessary in framing [an indictment, information, or complaint] to set up an impracticable standard of particularity . . .' "). Consequently, where an indictment, information, or complaint alleges commission of a crime, using the language of the statute defining that crime or terms equivalent to such statutory definition, a formal charge against

an accused is sufficient. See *State v. McGee*, 221 Neb. 557, 378 N.W.2d 674 (1985). By the clear terms of § 28-319(1), the time of occurrence is not an essential element of first degree sexual assault.

An examination of the information in the present case shows that such formal criminal charge against Wehrle is set out in the language found in § 28-319(1). An "information charging an offense in substantially the words of the statute is generally sufficient." *State v. Piskorski*, 218 Neb. 543, 545, 357 N.W.2d 206, 209 (1984).

Sufficiency of a formal criminal charge against an accused is not necessarily equated with factual particularity in pleading. A distinction is drawn between sufficiency of allegations in an indictment, information, or complaint, in terms of the essential elements prescribed by the statute defining a criminal offense, and particularity which may provide information about an alleged event, above and beyond the statutory elements constituting a criminal offense. Bearing in mind the twofold function of an information, the exact time when a criminal offense is committed is not an essential element of a crime unless the statute defining the offense makes a date or time an indispensable element of the crime charged. See *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974); cf. *Brown v. State*, 16 Neb. 658, 21 N.W. 454 (1884) (an allegation of time was necessary to validly charge a defendant with criminal sale of liquor on Sunday). Further, "It has long been the rule in this jurisdiction, as in others, that charging an individual with the commission of a crime anytime within the statute of limitations is sufficient." *State v. Piskorski, supra* at 547, 357 N.W.2d at 210. Cf. *State v. Wood*, 220 Neb. 388, 391, 370 N.W.2d 133, 135 (1985) ("where time is not an ingredient of the crime, a variance between the information and the proof is not fatal if the date proved is within the statute of limitations"). In *State v. Piskorski, supra*, we held that an information which alleged that a criminal act occurred "on or after September 1, 1982, and before December 25, 1982," a period covering almost 4 months, was sufficiently definite in relation to a conviction of first degree sexual assault. 218 Neb. at 547, 357 N.W.2d at 210.

Wehrle calls our attention to three cases which he believes

support his argument that the information was fatally deficient, namely, *State v. Scott*, 206 Neb. 451, 293 N.W.2d 114 (1980), *May v. State*, 153 Neb. 369, 44 N.W.2d 636 (1950), and *Goodloe v. Parratt*, 605 F.2d 1041 (8th Cir. 1979). We find those decisions irrelevant to the question raised in the present appeal.

*State v. Scott, supra*, dealt with a question about sufficiency of evidence to sustain a conviction for drunk driving, and did not consider any question about the sufficiency of the formal charge.

*May v. State, supra*, involved a prosecution for refusal to pay child support, that is:

> Whenever any husband, against whom a decree for divorce and alimony for the support of his children shall have been rendered by any court in this state, shall, without good cause, refuse or neglect to pay to the persons noted the amounts and manner provided by such decree for the support of such child or children [penalty prescribed for conviction].

Neb. Rev. Stat. § 28-450 (Reissue 1948). The information filed in *May* did not include an allegation that a divorce decree had been rendered "against" May requiring payment of child support. This court held that existence of a decree for child support was an indispensable allegation in any information charging a violation of § 28-450. Omission of such allegation about a divorce decree rendered the information ineffective for prosecution of May, because noncompliance with a divorce decree was an essential element of the crime charged, namely, refusal or neglect to pay decreed child support.

*Goodloe v. Parratt, supra*, reviewed a prosecution in a Nebraska court for the offense of operating a motor vehicle to avoid arrest. As a result of Neb. Rev. Stat. § 60-430.07 (Reissue 1978), it was unlawful "for any person operating any motor vehicle to flee in such vehicle in an effort to avoid arrest for violating any law constituting [a felony, misdemeanor, or traffic infraction except nonmoving violations]" in Nebraska. The eighth circuit held that the formal charge in the state court must inform Goodloe of the particular crime allegedly committed as a predicate for and an essential substantive element of the offense charged, operating a motor vehicle to avoid arrest.

Absent an allegation about such predicate offense or essential substantive element, the eighth circuit concluded that "Goodloe was not given fair and reasonable notice of the offense charged and the case against which he had to prepare a defense; the result was a fundamentally unfair trial that requires the conviction be set aside." 605 F.2d at 1047.

Of no small moment is Neb. Rev. Stat. § 29-1501 (Reissue 1985), which provides:

> No indictment shall be deemed invalid . . . (3) . . . for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense; nor for stating the time imperfectly; . . . nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

Although § 29-1501 mentions an "indictment," that statute is equally applicable to any formal charge on which a prosecution is based, that is, an indictment, information, or complaint. See *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974).

A rationale for the rule that a formal criminal charge alleging commission of an offense anytime within the period prescribed by the statute of limitations for commencement of prosecution is sufficient, and a likely basis for § 29-1501(3), is a common-law part of Nebraska criminal procedure permitting an accused to utilize a bill of particulars for appropriate specification in allegations of a formal charge.

> An indictment or information alone need not be full protection against double jeopardy because a defendant may allege and prove facts outside the record in support of a plea of former adjudication. Cowan v. State, *supra*. The remedy of a bill of particulars is available to assist a defendant in preparing his defense and to protect him against a second prosecution for the same offense.

*State v. Adams*, 181 Neb. 75, 79, 147 N.W.2d 144, 149 (1966). See, also, *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984).

While Wehrle alludes to some veiled prejudice consequent to the lack of a specific date for the offense charged in the

information, he does not demonstrate, or even indicate, in what manner he has been or would be prejudiced by the absence of a specific date alleged in the information. Similar to Wehrle's situation, a very general and indefinite claim of prejudice was made, but not sustained, in *State v. Adams, supra*, which was also a case involving a question concerning absence of a specific date in the allegations of a formal criminal charge. When we recall the fundamental fairness due an accused in preparation of a defense and the prosecutory function of the formal charge, any distress due to a seeming shortage of information in the present case is self-inflicted by Wehrle as the result of forbearing a bill of particulars, a resource or means to acquire additional knowledge about the offense alleged.

Therefore, we reaffirm the rule that, in the absence of demonstrated prejudice to a defendant's substantial right, a formal charge in prosecuting a criminal offense—an indictment, information, or complaint—alleging a date or period within the statutory time specified to commence prosecution for the crime charged is sufficient, unless the particular offense charged requires establishment of a specific time as an essential element of that crime charged. See, *Palin v. State*, 38 Neb. 862, 57 N.W. 743 (1894); *State v. Piskorski, supra*.

Therefore, the district court's judgment dismissing count I of the information against Wehrle is erroneous. The exceptions are sustained, and this cause is remanded to the district court for further proceedings.

EXCEPTIONS SUSTAINED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.