BURTON GORTON V. STATE OF NEBRASKA.

FILED NOVEMBER 7, 1928. NO. 26314.

*D. W. Livingston, John M. Dierks* and *A. P. Moran,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before Goss, C. J., Rose, Thompson and Eberly, JJ., and Redick, District Judge.

Rose, J.

In a prosecution by the state in the district court for Otoe county, Burton Gorton, defendant, was accused of embezzling at various times from August 1, 1924, to April 4, 1927, $54,926.52 belonging to the Dunbar Grain Company, a corporation of which he was manager. Upon a motion by defendant the state was required by the court to furnish a bill of particulars showing separately the items aggregating the amount of the embezzlement charged and the date of each item. The county attorney furnished a list of 88 items amounting to $54,926.52 and varying in amounts from $11.65 to $5,614.72, with dates beginning August 27, 1924, and ending March 23, 1927. When arraigned defendant pleaded not guilty. Upon a trial of the case the jury rendered a verdict of guilty as charged in the information and fixed the amount of the embezzlement at $1,900. A motion for a new trial was overruled and the district court imposed a sentence requiring defendant to serve a term of not less than one year nor more than two years in the state

penitentiary. As plaintiff in error defendant has presented for review the record of his conviction.

The principal argument of defendant is directed to the proposition that there was error in the overruling of a motion to direct an involuntary nonsuit on the ground that the evidence, when confined to the bill of particulars, was insufficient to sustain a verdict of guilty. In discussing this point defendant invokes the rule of law that competent proof of a felony is limited to the alleged unlawful acts specified in the bill of particulars furnished by the prosecution. He earnestly insists that the proofs of embezzlement, if any, do not correspond to the items enumerated in the bill of particulars. The evidence was sufficient to justify the jury in finding the following facts beyond a reasonable doubt:

The Dunbar Grain Company was a corporation engaged in buying and selling grain and in operating an elevator at Dunbar. From the beginning defendant was the manager. In that capacity he had charge of the corporate business and property. He was authorized to buy grain from farmers in the vicinity of the elevator and to store, sell and deliver it. It was his duty to check against the account of the Dunbar Grain Company in the Dunbar State Bank in paying for grain purchased at the elevator. It was also his duty to keep books of accounts showing the corporate transactions of his principal. Occupying the Dunbar Grain Company's office in the elevator, he was engaged in the duties of manager until the board of directors met to consider the condition of affairs April 6, 1927. At short intervals from August 27, 1924, until March 23, 1927, defendant drew checks against the account of his principal in the Dunbar State Bank and used the proceeds to speculate in options on the board of trade through the Duff Grain Company of Nebraska City, a corporation with which he kept an account in his own name. Neither the Dunbar Grain Company nor its board of directors authorized the use of corporate funds for the purpose of dealing in options

on the board of trade. They did not know that defendant as manager had used money of the corporation for that purpose until he called them together and disclosed the facts April 6, 1927. The money so used was taken by defendant without their consent. There was abundant evidence of the facts narrated.

It was in the situation outlined that the county attorney filed the information accusing defendant of embezzling $54,926.52 on various dates beginning August 27, 1924, and ending March 23, 1927. The items in the bill of particulars correspond generally to the amounts and dates of the checks through which defendant procured the money of his principal and used it on the board of trade. Most of such checks were drawn on the Dunbar State Bank against the account of the Dunbar Grain Company. They were payable to the Duff Grain Company and the drawer was the Dunbar Grain Company, by Burton Gorton, manager. The checks were indorsed by the Duff Grain Company, credited by it to the personal account of defendant and subsequently marked "paid." In most instances a check was cashed on the day following its date or a little later. Over objections the checks were admitted in evidence.

The contention of defendant seems to be that a particular act of embezzlement, if committed, did not occur before the proceeds of the corresponding check were credited to his personal account with the Duff Grain Company— a date subsequent to that of the check as stated in the bill of particulars. Reasoning from that premise he argues that the check was not admissible in evidence because, as he contends, it was outside of, and did not correspond to, any item in the bill of particulars. The position thus taken is untenable.

Time is not necessarily an element of embezzlement and may not affect the proceedings in a prosecution for that offense, though the date is imperfectly stated in the complaint. Comp. St. 1922, sec. 10074; *Rema v. State,* 52 Neb. 375. In both the information and the bill of particu-

lars the date of the last act of conversion is shown. Under a charge of embezzlement on a day named, evidence of a continuous series of accused's previous conversions in different amounts may support a verdict for the aggregate sum as a single embezzlement. *Bolln v. State,* 51 Neb. 581; *Chamberlain v. State,* 80 Neb. 812. The first step in each act of embezzlement in the series charged was the issuance of a check and its date was correctly stated in the bill of particulars. Defendant was thus advised in advance of his initial move in each particular transaction involved in the entire charge against him. All the checks were drawn by him in the name of his principal. The entries showing their issuance were made by him in the accounts of the Dunbar Grain Company. The bill of particulars identified his first step in each felonious transaction by giving the date of the check instead of the date on which it was cashed—a day or so later. Defendant, therefore, was not without notice of the charge to be met by him, nor was he misled or prejudiced in his defense by the bill of particulars. There was no material variance between the date of the check and the date of the completed act of embezzlement as charged and as shown by the evidence. Proved items in the bill of particulars far exceed in amount the verdict of the jury. The checks were the means by which defendant procured from the Dunbar Grain Company the money found by the jury, upon sufficient competent evidence, to have been embezzled. The checks were admissible also to show the manner in which defendant transacted the business of his principal. *Chamberlain v. State,* 80 Neb. 812. In addition, the record contains evidence that defendant voluntarily admitted he "played the board of trade" through the Duff Grain Company and that he was short in his corporate accounts about $14,000 when deposed as manager. The checks were properly admitted in evidence and the trial court did not err in overruling the motion by defendant to direct a verdict in his favor.

In further argument defendant also advanced the proposition that the charge of embezzling money cannot be

proved by evidence that checks were embezzled. In this particular there was no variance between the information and the proofs. The embezzlement of checks was not in issue. It is well-settled criminal law that checks may be admissible in evidence in connection with other proof that accused used them to procure money he was charged with embezzling. That defendant thus procured money from his principal and embezzled it is shown beyond a reasonable doubt as found by the jury. The point is not well taken.

Other assignments of error are based on the proposition that the trial court erred in giving instructions in a form that permitted the jury to return a verdict of guilty without finding the "felonious intent" essential to a conviction for embezzlement. The specific point is that the term "fraudulently converted" was used instead of "felonious intent." The trial court first instructed the jury that the information contained the charge that defendant "did unlawfully and feloniously and fraudulently take, embezzle, make way with and convert to his own use" the money of the Dunbar Grain Company, stating the amount. In the later instruction criticised the term "fraudulently converted," as applied to the money taken, was supplemented or modified by the clause "as charged in the information." Felonious intent was inferable from circumstances, from evidence of irregularities in the accounts kept by defendant, from his taking and converting to his own use money of his principal, and from his attitude upon the disclosure of his shortage. The instructions as a whole made felonious intent essential to a verdict of guilty. The assignments of error under this head are therefore overruled.

Other assignments have been considered without finding any error prejudicial to defendant. He had a fair and impartial trial and his sentence was merciful.

AFFIRMED.