Evert L. **HAGAN** and Pacific Coast Cheese, Inc., Appellants,

v.

Arthur J. **GOLDBERG**,* Secretary of Labor, United States Department of Labor, Appellee.

No. 16918.

United States Court of Appeals Ninth Circuit.

May 22, 1961.

---

* Substituted on order for James P. Mitchell, then Secretary of Labor, who originally filed this appeal.

Harry Friedman, Los Angeles, Cal., and Evert L. Hagan, in pro. per., for appellants.

Harold C. Nystrom, Acting Sol., Bessie Margolin, Asst. Sol., Robert E. Nagle, Atty., Dept of Labor, Washington, D. C., and Kenneth C. Robertson, Regional Atty., San Francisco, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and POWELL, District Judge.

POWELL, District Judge.

This case is to recover minimum wages under the Fair Labor Standards Act. The Secretary of Labor brought the action for seven employees of the appellants. The business of appellants was the manufacture and sale of cheese.

The trial court heard the testimony and on August 7, 1959, orally pronounced judgment for defendants, who are appellants here. On December 10, 1959, the trial court signed findings, conclusions and judgment in favor of plaintiff, the appellee here. The appeal is from that judgment. The District Court had jurisdiction under Section 16(c) of the Act, which is 29 U.S.C.A. § 216, and under 28 U.S.C.A. §§ 1337 and 1345. This Court has jurisdiction under 28 U.S.C.A. §§ 1291 and 1294(1).

During the period involved in this action the employers were engaged in the manufacture of three main types of cheese. Two of them were produced for intrastate sale. The third type, called Chili Cheese, was produced for sale in California and Mexico. If the employees were employed in the manufacture of Chili Cheese they would be engaged " * * * in the production of goods for commerce * * *" under Section 6(a) of the Act.[1] If they were covered by the

1. "SEC. 6(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates—

"(1) not less than $1 an hour; * *"
29 U.S.C.A. § 206.

Act they were entitled to a minimum wage of $1.00 per hour. They were paid only 75¢ per hour during the period covered by this suit.

There was a serious conflict in the testimony. The witnesses for the employees testified, some through interpreters, that they worked on all three types of cheese and there was no segregation between covered and non-covered employment. The employers' witnesses testified to exactly the opposite. They testified the employees named in this suit did no work on the Chili Cheese, which was the only type produced for commerce.

After the Secretary made his purposes known to the employers they paid employees $1.05 per hour. They secured written statements of employees that of the $1.05 they were receiving, $1.00 an hour was current wages and 5¢ per hour was to be applied as an offset in this action. The Secretary took the position the payment represented current wages and evidenced an increase to $1.05 per hour.

The first issue of fact was resolved at the conclusion of the trial in the employers' favor. The holding was that the employees did work exclusively on segregated duties in connection with goods not intended for extra-state sale. The trial judge stated the decision was based on the credibility of the witnesses. He stated he could not believe plaintiffs' witnesses but did believe the witnesses for the employers, the defendants.

The employers were directed to prepare and submit findings of fact, conclusions of law and judgment. Several sets were submitted and rejected by the Court with critical comments directed to defendants' counsel. Thereafter the plaintiff submitted findings and conclusions and judgment which were signed. In them the Court found the facts opposite to his oral decision but did not state a change of his conclusion on the credibility of the witnesses.

At the trial there was no evidence of the amount received by each employee at the rate of 5¢ per hour to be applied as offset on the claims in suit. The Court said "Let's wait until I decide whether or not that is going to be an issue in this case." The decision was in favor of the employers which made the proof of offset unnecessary. No opportunity was given the employers to offer proof on their offset claimed before the Court entered judgment for the employees.

The Court's oral determination was based entirely on the credibility of witnesses. Either one set of witnesses or the other was to be believed. There was no half way ground. Since the Court chose to believe the defendants' witnesses he of necessity found orally that there was sufficient proof of segregation of work to sustain defendants' burden.

■ The question of coverage depends on the special facts pertaining to the particular business. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460.

■ When employment is in a business producing goods for commerce the burden is on the employer to show the segregation if he claims it. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515.

Employer has burden of meeting a prima facie case. Foremost Dairies v. Ivey, 5 Cir., 1953, 204 F.2d 186, 188.

■ It is for the trial court to pass on the credibility of witnesses. Where the finding involves the credibility of witnesses, if supported by substantial evidence, it is conclusive on appeal. Bloom v. United States, 9 Cir., 1959, 272 F.2d 215, 223.

■ Here the trial court has announced a disbelief of plaintiff's witnesses. Without taking additional testimony or stating a change of view on the credibility of the witnesses he entered findings that indicate his belief of plaintiff's witnesses. There is not substantial evidence to sustain the findings otherwise. While the appellate court cannot pass on credibility of witnesses the trial court should be given a further opportunity to do so.

This case is remanded for further proceedings. The findings, conclusions and judgment are set aside. The trial court may determine credibility of the witnesses and may take additional evidence on the question of offsets, or such other matters as shall then be determined.

Findings, Conclusions and Judgment reflecting the court's trial findings and such further proceedings may thereafter be entered.