**PACIFIC COAST CHEESE, INC., and Evert L. Hagan, Appellants,**

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellee.**

**No. 17816.**

United States Court of Appeals Ninth Circuit.

Feb. 11, 1963.

Rehearing Denied March 19, 1963.

Jesse A. Hamilton and Harry Friedman, Los Angeles, Cal., for appellants.

Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor, Jacob I. Karro and Sigmund R. Balka, United States Department of Labor, Washington, D. C., and Kenneth C. Robertson, Regional Counsel, San Francisco, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and TAYLOR, District Judge.

HAMLIN, Circuit Judge.

This is a second appeal involving two consolidated suits that were brought by the Secretary of Labor under section 16(c) of the Fair Labor Standards Act (29 U.S.C.A. § 216(c)) to recover unpaid minimum wages. In the original proceedings, the trial court entered judgment for the Secretary in the amount of $2,263.90 for unpaid minimum wages owing to five employees. Upon appeal to this court, the judgment was set aside and the cause remanded for further proceedings in accordance with the opinion of this court.[1] Thereafter, further proceedings were had, and the trial court again entered judgment for the Secretary in the same amount. The present appeal was timely filed and the jurisdiction of this court continues under 28 U.S.C. § 1291 and § 1294.

Two questions of fact were in issue in the court below. The first went to the question of coverage under the Act. In this regard, the employer is a cheese manufacturer, who produced three kinds of cheese, two of which were sold entirely within the state. The third kind was exported in substantial part to Mexico. The employer, disputing coverage, contended that the work on the third kind was segregated from other work in the plant, and was never assigned to the claimant employees. The testimony on this point was conflicting. The second disputed question of fact related to the employer's claim for set-off. The employer had raised his pay rates to $1.05 an hour after the administrative proceedings had begun. He contended that it had been agreed that the amount over $1.00 (the statutory minimum) would be available for offset against any claim for back wages that might later be found due. The Secretary disputed this and contended that the entire $1.05 was for current wages.

At the conclusion of the first trial, the court stated:

"The burden is upon the government to establish their case. I would like to ask the government's counsel how can I disregard the testimony of the defendant's witnesses and accept the plaintiff's witnesses in this case?"

The court later stated that he thought that he would have to believe the employer's witnesses and orally announced that he was finding in favor of the defendant employers (appellants herein).

The court directed counsel for the defendant employers to prepare findings of fact, conclusions of law and judgment. Some months elapsed during which no findings satisfactory to the court were presented by appellants. On December 9, 1959, the court signed findings of fact and conclusions of law and judgment in favor of appellee in the sum of $2,263.90. Appellants timely appealed to this court.

1. Hagan v. Goldberg, 291 F.2d 249 (9th Cir., 1961).

This court on appeal discussed generally the facts of the case and then stated as follows:[2]

> "When employment is in a business producing goods for commerce the burden is on the employer to show the segregation if he claims it. [Citation].

> "Employer has burden of meeting a prima facie case. [Citation]

> "It is for the trial court to pass on the credibility of witnesses. Where the finding involves the credibility of witnesses, if supported by substantial evidence, it is conclusive on appeal. [Citation]

> "Here the trial court has announced a disbelief of plaintiff's witnesses. Without taking additional testimony or stating a change of view on the credibility of the witnesses he entered findings that indicate his belief of plaintiff's witnesses. There is not substantial evidence to sustain the findings otherwise. While the appellate court cannot pass on credibility of witnesses the trial court should be given a further opportunity to do so.

> "This case is remanded for further proceedings. The findings, conclusions and judgment are set aside. The trial court may determine credibility of the witnesses and may take additional evidence on the question of offsets, or such other matters as shall then be determined.

> "Findings, Conclusions and Judgment reflecting the court's trial findings and such further proceedings may thereafter be entered."

When the case was again before the district court on July 7, 1961, the court asked counsel whether they were willing to submit the case upon the record already before the court or whether it was necessary to have a new hearing. Counsel for appellee stated that he saw no need for having a further hearing. Counsel for appellant then stated: "And we are prepared and would like to lodge with the court a proposed set of findings." The court replied:

> "Well, I will not accept your proposed set of findings unless you will stipulate I can review the evidence in this case and make new findings. Because as far as I am concerned the old findings are out. They have been eliminated. The Circuit eliminated those old findings as far as I am concerned. And we are going to start from scratch. Now, if you stipulate that I can consider this case on the record now I will be glad to have you file your proposed set of findings * * * And I will allow Mr. Duemler to object to them if he wants to object. And then you can object to his objections. And then I will decide what kind of findings I want to make."

Mr. Hamilton, counsel for appellant, stated: "I think that would be agreeable, if you give us an opportunity to file a memorandum calling your attention to certain portions." The court granted permission to both parties to submit memoranda and it was agreed that the case would be decided on the record then before the court.

A further hearing was had before the court on August 29, 1961. At that time the judge stated that he was going to decide the case on the question of the burden of proof. He stated:

> "If the burden is on the employer to keep records, he didn't keep them. And consequently judgment will have to go against him. If the burden was upon the Government to show that the employees worked in the cheese department, in the cheese that went to Mexico, then I may decide that the Government did not sustain that burden."

It was pointed out to the court at that hearing by counsel for appellee that this court had stated that the burden was on the employer "to show the segregation if he claims it." The court requested

2. Id. at pp. 251–252.

further briefs on the issue of burden of proof. Thereafter, the district court entered findings of fact and conclusions of law in favor of appellee and rendered judgment in favor of appellee in the same amount that had been rendered prior to the first appeal in this case.

Appellant contends on this appeal: (1) that the district judge disregarded the mandate of this court; (2) that the district judge "throughout the entire proceeding in this case exhibited a lack of proper judicial attitude * * *" and that he was biased and prejudiced against appellant and appellant's counsel; (3) that when the testimony closed and "at the only time the district judge was relatively free of bias * * *" he stated that he didn't believe the witnesses for the government and believed the witnesses for the defendants; and (4) that after remand by this court the district judge failed to hear any evidence concerning the effect of the alleged offset payments of five cents (5¢) per hour.

■ We hold that the district court did not disregard the mandate of this court. When the prior appeal was being considered by this court the record did not clearly reveal why the district judge had orally announced a decision in favor of appellant and four months later had signed findings, conclusions and a judgment in favor of appellee. Consequently, the case was remanded to the district court. The reason for the action of the district judge is now clear. At the conclusion of the testimony before the first appeal, the district judge believed and stated that he felt that the burden of proof was on the government to establish that there was no segregation of work in the production of goods for interstate and intrastate sales. Later, the district judge concluded that the burden of proof was not upon the government, but was upon appellants on this issue.[3]

This court on the prior appeal also reached the same conclusion as to where the burden of proof lay. The testimony of the witnesses on one side was directly contradictory to that given by the witnesses on the other side. In this situation the district judge could properly hold that appellant had not sustained its burden of proof, and accordingly render judgment for appellee.

■■ Insofar as the contentions of appellants concerning bias and prejudice are concerned, it appears that they complain of nothing that the court did or said up to the time it orally announced its intention to rule in appellants' favor. The record shows that thereafter counsel for appellants failed to properly present findings in accordance with the court's rules and that the district judge was critical of him for this failure. A court has a right to expect that counsel will follow the court's rules. We feel that the district judge did nothing improper in calling to the attention of counsel his failure to comply with the rules or in criticizing him for this failure. It is clear that the district judge rendered judgment for appellee because he realized that his first impression as to where the burden of proof lay was erroneous and not because he was in any way biased or prejudiced against appellants. Further, it is to be noted that after this court remanded the case to the district court, appellants did not seem to be at all concerned over the qualifications of the district judge or his ability to render a fair and impartial decision. The appellants in fact agreed to allow the district judge to determine the case on the basis of the record of the previous trial. We hold that appellants' belated claims of bias and prejudice are not well taken at this time.

■ Appellants' fourth specification of error is likewise without merit.[4] Aft-

3. "Conclusion of Law IV:
   The burden of proof is not on plaintiff to prove * * * that there was no segregation between covered and non-covered work. It is enough to show that goods are regularly produced for both interstate and intrastate sales. The burden of proving segregation, if any, is on defendants."

4. The district court found that the documents upon which the claim for offset was

er the remand, appellants never offered to produce additional evidence, nor did they request an opportunity to do so. Appellants therefore cannot now successfully complain.

Judgment affirmed.

based were not effective to support the claim. Appellants do not challenge this finding. Since the court rejected the claim for offset altogether, it became unnecessary to determine the amounts allowable on the claim for offset.