Harold Eugene **HUFFMAN**, Appellant,

v.

Maurice H. **SIGLER**, Warden, Appellee.

No. 17909.

United States Court of Appeals Eighth Circuit.

Nov. 10, 1965.

Rehearing Denied Nov. 29, 1965.

Harold Eugene Huffman, in pro. per.

Clarence A. H. Meyer, Atty. Gen., Lincoln, Neb., for appellee.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is dismissed as being without any question of substance for review.

Review is sought by a Nebraska prisoner of the findings made by the District Court upon his federal habeas corpus claims, arrived at after a full evidentiary hearing, on admittedly effective representation by appointed counsel, with the question of credibility being controlling of the result.

On appraising appellant's testimony and that of two other criminal offenders in his behalf, against the testimony adduced by the State and in relation to the situation involved, Judge Van Pelt felt called upon to declare that "petitioner has completely failed in sustaining his burden". The court's unpublished memorandum sets out analysis and demonstration, which it is unnecessary to repeat here.

Findings of a court which are controlled by the question of credibility and are without basis to contend otherwise that they are lacking in substantial evidentiary support do not provide substance for review. Cf. Reid v. Miles Construction Co., 8 Cir., 307 F.2d 214, 218; Ciccarello v. Graham, 5 Cir., 296 F.2d 858, 860; Hagan v. Goldberg, 9 Cir., 291 F.2d 249, 251.

The cases in which this situation has come most frequently to occur are collateral attack proceedings engaged in by prisoners as a matter of legal pursuit and institutional preoccupation. Appeals in such cases from determinations which have clearly turned on credibility evaluation have always been futile, and they are entitled to be dealt with as frivolous. Only, as suggested above, if the testimony credited does not, together with the circumstances shown, provide a substantial evidentiary basis for the facts found can findings so made be attacked. The findings here cannot be contended to be thus vulnerable.

Beyond the review sought on the District Court's findings of fact, appellant also makes the contention that the court erred in holding that there had been no violation of due process from the county attorney's having been permitted to amend the information, after appellant had pleaded guilty, changing the alleged date of the breaking and entering involved from "on or about the 31st day of

May A.D. 1963", to "on or about the 29th day of May A.D. 1963".

Request for leave to make the amendment was prompted by appellant's declaration, after he had entered his plea of guilty, that the burglary had in fact occurred during the night of May 29th, the day before Memorial Day, and not in the morning of May 31st, the day it was discovered. The court observed from the bench that the amendment was unnecessary, but it granted leave to make the change by interlineation, which was done in appellant's presence.

■ Neither under federal law nor under Nebraska law is the exact time of the commission of an offense regarded as a substantive element in the charge or proof thereof, unless the statute involved makes it so or is clearly intended to have that effect. Cf. Cwach v. United States, 8 Cir., 212 F.2d 520, 529; Gorton v. State of Nebraska, 117 Neb. 556, 221 N.W. 689, 690. In fact, Neb.R.R.S.1943, § 29–1501, expressly provides that "No indictment [or information] shall be deemed invalid * * * for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense; nor for stating the time imperfectly; * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits".

■ Since no substantive element was involved in the allegation of when the offense was committed, the granting of leave to change the date thereof, to one which was within the period of limitations and before the filing of the information, could not constitute a violation of due process without some prejudice having been occasioned to appellant thereby. Nor could there be contended to be a voiding of the information by alteration on the part of the court and county attorney, such as would have been caused to exist as to a grand jury indictment at early common law, since the instrument was one which had been drawn and filed by the county attorney. As a matter of fact, it seems clear that the inaccuracy was one to which appellant, who was an experienced felony pleader, called attention because he preferred to have it corrected.

Appeal dismissed.