State of Nebraska, appellee, v.
Maxiliamo Cano Samayoa, appellant.
___ N.W.2d ___

Filed December 31, 2015.    No. S-14-762.

1. **Criminal Law: Evidence: Appeal and Error.** In reviewing a suffi-
ciency of the evidence claim, whether the evidence is direct, circum-
stantial, or a combination thereof, the standard is the same: An appellate
court does not resolve conflicts in the evidence, pass on the credibility
of witnesses, or reweigh the evidence; such matters are for the finder
of fact. The relevant question is whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reason-
able doubt.

2. **Appeal and Error.** An appellate court always reserves the right to note
plain error which was not complained of at trial or on appeal.

3. **Rules of Evidence: Appeal and Error.** When the Nebraska Evidence
Rules commit the evidentiary question at issue to the discretion of the
trial court, an appellate court reviews the admissibility of evidence for
an abuse of discretion. When judicial discretion is not a factor, whether
the underlying facts satisfy the legal rules governing the admissibility of
such evidence is a question of law, subject to de novo review.

4. **Appeal and Error.** To the extent issues of law are presented, an appel-
late court has an obligation to reach independent conclusions irrespec-
tive of the determinations made by the court below.

5. **Criminal Law: Statutes.** It is a fundamental principle of statutory con-
struction that penal statutes be strictly construed.

6. **Statutes.** It is not within the province of the courts to read a meaning
into a statute that is not there or to read anything direct and plain out of
a statute.

7. **Trial: Appeal and Error.** On appeal, a defendant may not assert a dif-
ferent ground for his objection than was offered at trial.

8. **Jury Instructions: Proof: Appeal and Error.** In an appeal based on
a claim of an erroneous jury instruction, the appellant has the burden

to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.

9. **Criminal Law: Statutes: Time.** The exact time when a criminal offense is committed is not an essential element of a crime unless the statute defining the offense makes a date or time an indispensable element of the crime charged.

Appeal from the District Court for Scotts Bluff County: RANDALL L. LIPPSTREU, Judge. Affirmed as modified.

Bernard J. Straetker, Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## I. NATURE OF CASE

Maxiliamo Cano Samayoa (Cano) appeals his convictions on one count of third degree sexual assault of a child and three counts of first degree sexual assault of a child at least 12 years of age but less than 16 years of age. He argues that the evidence was insufficient to support his convictions. He also assigns that the district court erred in admitting certain testimony and in advising the jury that with respect to count I, "[t]he exact time when a criminal offense is committed is not an essential element of the crime." We affirm as modified.

## II. SCOPE OF REVIEW

[1] In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d

732 (2015). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

[2] An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Robinson*, 271 Neb. 698, 715 N.W.2d 531 (2006). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Howell*, 284 Neb. 559, 822 N.W.2d 391 (2012).

[3] When the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *State v. Dominguez, supra*. When judicial discretion is not a factor, whether the underlying facts satisfy the legal rules governing the admissibility of such evidence is a question of law, subject to de novo review. *State v. Parker*, 276 Neb. 661, 757 N.W.2d 7 (2008).

[4] To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *State v. Merheb*, 290 Neb. 83, 858 N.W.2d 226 (2015).

## III. FACTS

### 1. BACKGROUND

The victim in this case, P.L., is Cano's niece. P.L.'s mother and Cano's wife are sisters. Cano was born in May 1981. P.L. was born in December 1997.

In February 2014, P.L. told her parents that Cano had been sexually assaulting her for some time. Her parents reported the allegations to the police and took P.L. to be interviewed at a child advocacy center in Scottsbluff, Nebraska. The contents of the interview are not contained in our record.

## 2. Charges

After P.L.'s interview, the police arrested Cano. He was charged with one count of third degree sexual assault of a child (count I) for subjecting P.L. "to sexual contact, not causing serious personal injury" during "the year 2008." He was also charged with three counts of first degree sexual assault of a child at least 12 years of age but less than 16 years of age. Count II alleged that "on or about October, 2012 through November, 2012," Cano committed first degree sexual assault of a child by subjecting P.L. "to sexual penetration." Counts III and IV were identical to count II, except that they alleged the sexual penetration occurred "on or about December, 2012," and "during the years 2010 or 2011," respectively. Cano pleaded not guilty to all four counts, and a jury trial was scheduled.

## 3. Trial

### (a) P.L.'s Testimony

The State's principal witness at trial was P.L. She described in detail four incidents between her and Cano. Each incident corresponded to a count in the information.

P.L. testified that the first incident (count I) occurred in the living room of Cano's house while her mother and aunt were out picking up pizza. P.L. stated that Cano approached her while she was lying on the couch watching television, sat down next to her, and started "[r]ubbing" her "butt" with his hands. He also exposed his penis to her, grabbed her hand, and made her hand touch his penis. Although P.L. could not identify the exact date when this happened, she testified that it occurred sometime after she started seventh grade in August 2010 but before the birth of Cano's youngest daughter in July 2012.

The second incident between P.L. and Cano (count IV) occurred while she was painting the trim in her bedroom. P.L. testified that Cano entered her bedroom and forced her to perform oral sex on him. P.L. could not identify the exact date when this second incident happened. However, she testified

that it occurred after she and her family moved into their house on 12th Avenue in Scottsbluff but before 2012. She further stated that they moved into the 12th Avenue house while she was in eighth grade and that she started eighth grade in August 2011.

P.L. testified that the third incident (count II) happened in the kitchen at Cano's house. She said that he followed her into the kitchen when she went to get a drink, "pushe[d] [her] toward the seat," and "pull[ed] [her] down." P.L. "told him no." But he "told [her] to suck it again" and positioned her head to perform oral sex, which she did. At various times, P.L. testified that this occurred in "the year 2012," before her youngest cousin was born in July 2012 and before the final incident in February 2012.

P.L. testified that the fourth and final incident (count III) occurred in February 2012 while she was "putting lights up in [her] room." She described how Cano "pushe[d] [her] on the bed," "pull[ed] down his pants again," and told her to perform oral sex. On this occasion, Cano also pulled P.L.'s pants down and attempted to insert his penis into her vagina. P.L. testified that his penis "didn't go all the way" but "just touched" her vagina.

In addition to these four incidents, P.L. also briefly testified, over Cano's objection, to a fifth encounter. Because the admissibility of this testimony is raised on appeal, we reproduce the relevant exchange in full:

> [Prosecutor:] Can you estimate when this happened, this incident that you're talking about on 12th Avenue in the kitchen?
>
> [P.L.:] Like, close to two years now.
>
> [Prosecutor:] Okay. Was there another time when this happened?
>
> [P.L.:] Before that when [Cano] lived on 12th and I was in [his oldest daughter's] room and I was picking up the toys and they were on the —
>
> [Cano's attorney]: I'm going to object to materiality on one of the charges.

THE COURT: Overruled.

[Prosecutor:] Go ahead.

[P.L.:] Then I was in there and he just comes in and he just rubs me again from the back, then he just leaves.

### (b) Cano's Testimony

Cano testified in his own behalf. He denied the allegations against him, and he specifically testified that he had never been alone with P.L. Cano also stated that in 2008, when the information alleged count I occurred, he was living in Texas.

### (c) Motions for Directed Verdict

At the conclusion of the State's evidence and again at the end of the evidence portion of the trial, Cano moved for a directed verdict on counts I through III. He argued that the dates alleged in those counts were inconsistent with the State's evidence. Specifically, he argued that (1) the information alleged count I happened in 2008 but that the evidence showed Cano was living in Texas in 2008 and (2) the information alleged counts II and III occurred between October and December 2012 but that P.L. testified all of the incidents with Cano occurred while she was in seventh or eighth grade—that is, between August 2010 and May 2012. On both occasions, the district court overruled Cano's motion for a directed verdict.

### (d) Jury Instructions

The district court instructed the jury on the elements of each crime charged and on the State's duty to prove these elements beyond a reasonable doubt. In the case of each count, one of the elements listed was that Cano engaged the underlying conduct at the time alleged in the information.

### (e) Question From Jury

During deliberations, the jury submitted the following question to the judge: "Is the date of 2008 and [sic] exact stipulation to the account [sic], and if so can we convict on this account [sic] if we believe the event happened but not on that date on account [sic?]" The parties argue, and we agree, that

this question related only to count I of the information, which alleged that Cano committed third degree sexual assault of a child "[d]uring the year 2008 . . . ."

After consulting with counsel, the district court advised the jury that "[t]he exact time when a criminal offense is committed is not an essential element of the crime." The court did so over Cano's objection.

### 4. Verdicts and Sentencing

The jury returned verdicts of guilty on all counts, and the district court entered judgment accordingly. The court sentenced Cano to 1 to 3 years' imprisonment on the third degree sexual assault of a child conviction and concurrent terms of 35 to 40 years' imprisonment for each first degree sexual assault of a child conviction. At the sentencing hearing, the court stated that first degree sexual assault of a child carried a mandatory minimum of 25 years' imprisonment. But in the sentencing order, the court stated that the mandatory minimum was 15 years' imprisonment.

Cano timely appeals. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

### IV. ASSIGNMENTS OF ERROR

Cano argues that the evidence was insufficient to support his convictions. He also assigns that the district court erred in admitting evidence of other bad acts or uncharged conduct, in violation of Neb. Rev. Stat. § 27-404(2) (Cum. Supp. 2014), and in advising the jury that the exact time of the commission of the offense alleged in count I was not an essential element of the crime of third degree sexual assault of a child.

### V. ANALYSIS

#### 1. Sufficiency of Evidence

Cano argues that there was insufficient evidence to sustain his convictions. In reviewing a sufficiency of the evidence

claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

### (a) Essential Elements

[5,6] Cano was charged with three counts of first degree sexual assault of a child at least 12 years of age but less than 16 years of age and one count of third degree sexual assault of a child. The essential elements of these crimes are established by statute. It is a fundamental principle of statutory construction that penal statutes be strictly construed. *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011). It is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. *State v. Medina-Liborio*, 285 Neb. 626, 829 N.W.2d 96 (2013).

The crime of first degree sexual assault of a child at least 12 years of age but less than 16 years of age is defined by Neb. Rev. Stat. § 28-319.01(1) (Cum. Supp. 2014), which provides:

> A person commits sexual assault of a child in the first degree:
>
> . . . .
>
> (b) When he or she subjects another person who is at least twelve years of age but less than sixteen years of age to sexual penetration and the actor is twenty-five years of age or older.

For purposes of this statute,

> [s]exual penetration means sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or

any intrusion, however slight, of any part of the actor's or victim's body or any object manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes. Sexual penetration shall not require emission of semen.

Neb. Rev. Stat. § 28-318(6) (Cum. Supp. 2014). Fellatio is "oral stimulation of the penis." See *State v. Bruna*, 12 Neb. App. 798, 830, 686 N.W.2d 590, 615 (2004).

Pursuant to Neb. Rev. Stat. § 28-320.01(1) (Reissue 2008), "[a] person commits sexual assault of a child in the second or third degree if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older." Section 28-318(5) defines the term "sexual contact" as follows:

Sexual contact means the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party. Sexual contact shall also include the touching of a child with the actor's sexual or intimate parts on any part of the child's body for purposes of sexual assault of a child under sections 28-319.01 and 28-320.01.

The distinguishing factor between second and third degree sexual assault of a child is "serious personal injury to the victim." See § 28-320.01(2) and (3). Third degree sexual assault, the specific crime with which Cano was charged in count I, occurs when "the actor does not cause serious personal injury to the victim." See § 28-320.01(3).

Given the statutory definitions of first and third degree sexual assault of a child, we reject Cano's argument that the exact date of offense is an essential element of those crimes. Neither under federal law nor under Nebraska law is the exact time of the commission of an offense regarded as a substantive element in the charge or proof thereof, unless the statute involved makes it so or is clearly intended to have that effect. *Huffman v. Sigler*, 352 F.2d 370 (8th Cir. 1965). See, also, *State v. Wehrle*, 223 Neb. 928, 395 N.W.2d 142 (1986); *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974). In the case of sexual assault of a child, the statutes involved do not make the time or date of the offense an element of the crime. Sections 28-319.01(1) and 28-320.01 require proof that the sexual penetration or sexual contact occurred when the defendant and victim were certain ages. But they do not require proof that such event occurred on a specific date. We therefore conclude that the exact date of commission is not a substantive element of first, second, or third degree sexual assault of a child.

This holding is consistent with our previous determination in *State v. Wehrle, supra*, that the date of commission is not an essential element of first degree sexual assault, which can also require proof of the defendant's and victim's ages. See Neb. Rev. Stat. § 28-319(1) (Reissue 2008). It also recognizes and accommodates the unique circumstances surrounding young victims, who "are often unsure of the date on which the assault or assaults occurred" and "may have no meaningful reference point of time or detail by which to distinguish one specific act from another." See *State v. Martinez*, 250 Neb. 597, 600, 550 N.W.2d 665, 658 (1996). See, also, *Sledge v. State*, 903 S.W.2d 105 (Tex. App. 1995).

In summary, the essential elements of first degree sexual assault of a child at least 12 years of age but less than 16 years of age are (1) that the defendant subjected the victim to sexual penetration, (2) that the defendant was 25 years of age or older when the sexual penetration occurred, and (3) that the victim

was at least 12 years of age but less than 16 years of age when the sexual penetration occurred. See § 28-319.01(1)(b).

The essential elements of third degree sexual assault of a child are (1) that the defendant subjected the victim to sexual contact without causing serious personal injury to the victim, (2) that the defendant was at least 19 years of age or older when the sexual contact occurred, (3) and that the victim was 14 years of age or younger when the sexual contact occurred. See § 28-320.01(1) and (3).

### (b) Evidence Against Cano

We now review the State's evidence against Cano to determine whether any rational trier of fact could have found the essential elements of first and third degree sexual assault of a child beyond a reasonable doubt. See *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015). We conclude that based on the testimony of P.L., the State's principal witness, a rational trier of fact could have found that Cano committed third degree sexual assault of a child on one occasion and first degree sexual assault of a child on three distinct occasions.

### (i) Third Degree Sexual Assault of Child

P.L. testified to an incident when Cano rubbed her "butt" over her clothing and forced her hand to touch his exposed penis. She did not testify that this contact caused her physical injury, and the State did not allege that it did.

P.L. stated that this incident occurred in the living room of Cano's house after she started seventh grade in August 2010 but before the birth of Cano's youngest daughter in July 2012. It is undisputed that Cano was born in May 1981 and that P.L. was born in December 1997. Consequently, between August 2010 and July 2012, Cano was 29 to 31 years of age and P.L. was 12 to 14 years of age. She did not turn 15 until December 2012, several months after the latest date in the timeframe established by her testimony.

From this evidence, a rational trier of fact could have found that Cano subjected P.L. to sexual contact in two separate

ways: (1) by intentionally touching the "clothing covering the immediate area of [P.L.'s] sexual or intimate parts," which includes the buttocks, or (2) by intentionally causing P.L. to touch his "sexual or intimate parts." See § 28-318(2) and (5). A rational trier of fact also could have found that this contact occurred at a time when Cano was over the age of 19 years and P.L. was 14 years of age or younger. We therefore conclude that there was sufficient evidence to convict Cano of third degree sexual assault of a child.

### (ii) First Degree Sexual Assault of Child

P.L. testified to three separate incidents when Cano forced her to perform oral sex on him—one in the kitchen at Cano's house, another while she was "putting lights up in [her] room," and a third while she was painting the trim in her bedroom. During closing argument, the State explained that these incidents corresponded to the allegations in counts II, III, and IV, respectively.

P.L. testified that two of the incidents of oral sex occurred close together. She unequivocally identified the date of the incident involving lights as February 2012. She testified that the incident in the kitchen occurred prior to that time but still in the year 2012. As such, from P.L.'s testimony it could be ascertained that the incident in the kitchen occurred in January or February 2012, followed by the incident with the lights later in February. In both January and February 2012, Cano was 30 years of age and P.L. was 14 years of age.

As to the incident of oral sex connected to painting the trim in her bedroom, P.L. could not identify the exact date when it happened. However, she testified that it occurred after she and her family moved into their house on 12th Avenue but before the year 2012. Elsewhere in her testimony, she stated that they moved into the 12th Avenue house while she was in eighth grade and that she started eighth grade in August 2011. Taking all of this testimony together, the timeframe of the incident involving the trim in the bedroom, as established by P.L.'s testimony, was sometime between August and

December 2011. At any point during that timeframe, Cano would have been 30 years of age. P.L. would have been 13 or 14 years of age.

Cano argues that P.L.'s testimony as to these incidents contained too many inconsistencies to support his convictions. But this argument goes to the credibility of P.L. as a witness, which we do not consider. An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

If the trier of fact believed P.L.'s testimony, it could have found that on three separate occasions, Cano subjected P.L. to oral sex, which constitutes sexual penetration under § 28-318(6). The trier of fact also could have concluded that each of these incidents of oral sex occurred at a time when Cano was 25 years of age or older and P.L. was at least 12 years of age but less than 16 years of age. Accordingly, there was sufficient evidence to convict Cano of three distinct counts of first degree sexual assault of a child.

## 2. ADMISSION OF OTHER BAD ACTS

[7] Cano claims the district court erred by admitting evidence of other bad acts/uncharged misconduct, in violation of § 27-404(2). Cano objects to P.L.'s testimony about a fifth possible incident, because it was "prior bad acts evidence that was admitted without the protection and safeguards of [§] 27-404(2)." See brief for appellant at 18. Although Cano objected to this testimony at trial, he did not state § 27-404(2) as the ground for his objection. He objected on materiality grounds. Therefore, we agree with the State that Cano failed to preserve his § 27-404 objection for review by failing to object on this basis during the trial. On appeal, a defendant may not assert a different ground for his objection than was offered at trial. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

### 3. Answer to Jury's Question About Time of Assault

Cano next claims that the district court committed error when it advised the jury that the exact time of the commission of the offense alleged in count I was not an essential element of the crime of third degree sexual assault.

[8] Whether jury instructions given by a trial court are correct is a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Robinson*, 278 Neb. 212, 769 N.W.2d 366 (2009).

During the course of its deliberations, the jury submitted a question to the court: "Is the date of 2008 and [sic] exact stipulation to the account [sic], and if so can we convict on this account [sic] if we believe the event happened but not on that date on account [sic?]" The trial court responded: "The exact time when a criminal offense is committed is not an essential element of the crime." In essence, Cano concedes that there was no argument regarding the sufficiency of the charges contained in the information or concerns about double jeopardy. The question raised by Cano was whether the State established all the elements of the offense beyond a reasonable doubt. The allegation was that the abuse occurred within the broad time-frame of the year 2008. In the instructions to the jurors, they were provided with the elements of the offense, along with the State's burden to prove each of the elements of each offense by proof beyond a reasonable doubt.

The district court instructed the jury as follows:

> The elements of third degree sexual assault of a child as charged in count I are:
>
> 1. That [Cano] subjected [P.L.] to sexual contact without causing serious personal injury to her; and

    2. That [Cano] was nineteen years of age or older at the time; and

    3. That [P.L.] was fourteen years of age or younger at the time; and

    4. That [Cano] did so during the year 2008 in Scotts Bluff County, Nebraska.

Cano asserts that the district court's response to the jury's question was in conflict with its instructions to the jury and allowed the jury to ignore its instructions and convict Cano of an offense that had been alleged to have occurred when he was living in the State of Texas. Cano asserts that the trial court should have instructed the jury to continue to deliberate and base its decision on the facts it found and the law contained in the jury instructions.

We have previously determined that based on P.L.'s testimony on the incident in Cano's living room, a rational trier of fact could have found that Cano committed third degree sexual assault of a child. Neb. Rev. Stat. § 29-1501 (Reissue 2008) provides in relevant part:

> No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected . . . for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense; nor for stating the time imperfectly . . . .

[9] In *State v. Wehrle*, 223 Neb. 928, 931, 395 N.W.2d 142, 145 (1986), we held that "the exact time when a criminal offense is committed is not an essential element of a crime unless the statute defining the offense makes a date or time an indispensable element of the crime charged." Cano does not appear to be complaining that he was deprived of notice of the allegations. He only alleges that the instruction was incorrect and somehow conflicted with the rest of the instructions and that the district court should have told the jury to continue to deliberate, apparently without any supplemental instructions from the court.

The instruction given by the district court was not incorrect. The exact time is not an essential element of third degree sexual assault. The supplemental instruction given by the district court was a correct statement of the law, and Cano has not proved that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of Cano.

### 4. SENTENCES

The State has pointed out, and we agree, that there was plain error in the sentences given by the district court. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Howell*, 284 Neb. 559, 822 N.W.2d 391 (2012). As noted by the State, the district court sentenced Cano to 1 to 3 years' imprisonment for third degree sexual assault of a child and 35 to 40 years' imprisonment for each of the three first degree sexual assault of a child convictions, all of which were to run concurrently. The district court then said that "25 of those [years] will be a mandatory minimum before the good time statutes are applicable." Section 28-319.01 provides:

> (2) Sexual assault of a child in the first degree is a Class IB felony with a mandatory minimum sentence of fifteen years in prison for the first offense.
> (3) Any person who is found guilty of sexual assault of a child in the first degree under this section and who has previously been convicted (a) under this section . . . shall be guilty of a Class IB felony with a mandatory minimum sentence of twenty-five years in prison.

There was no allegation in the information that Cano had a prior conviction for sexual assault or attempted sexual assault of a child. All his convictions for that offense occurred in this trial, which resulted from the same information filed by the State. The plain language of the statute requires that

Cano had been previously convicted of a sexual assault or attempted sexual assault as provided in § 28-319.01(3). Since Cano was convicted of the three felonies of first degree sexual assault of a child arising out of a single information, he was not previously convicted as required by § 28-319.01(3) of sexual assault or attempted sexual assault of a child. Statutory interpretation is a question of law, which this court decides independently of the lower courts. See *State v. Piper*, 289 Neb. 364, 855 N.W.2d 1 (2014). The district court erred in pronouncing that Cano will have a mandatory 25-year minimum sentence before the good time statutes will apply. Since this is Cano's first offense for sexual assault of a child, he must serve a mandatory minimum of 15 years before the good time statutes apply.

We therefore amend Cano's sentences by reducing the mandatory minimum sentence that Cano must serve before he is eligible for good time from 25 years imposed by the district court to 15 years as provided by § 28-319.01(2). With that amendment, we affirm the sentences of Cano to 1 to 3 years' imprisonment for third degree sexual assault of a child and 35 to 40 years' imprisonment for each of the three first degree sexual assault of a child convictions, all of which are to run concurrently.

## VI. CONCLUSION

We affirm the judgments of conviction, and we affirm the sentences as modified.

Affirmed as modified.